# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF THE RIVER, a non-profit corporation, DEFENDERS OF WILDLIFE, a non-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, and MAJOR GENERAL MERDITH W.B. TEMPLE, in his official capacity,<br><br>   Defendants. | Case No. 2:11-cv-01650-JAM -JFM<br><br>**Order** |

The California Department of Fish and Game ("DFG") moves for intervention of right as a plaintiff under Federal Rule of Civil Procedure 24(a)(2). Doc. Nos. 29 & 39. The existing Plaintiffs have filed a response indicating that they do not oppose DFG's motion. Doc. No. 32. The Federal Defendants have filed an opposition. Doc. No. 38. Upon consideration of the parties' briefing, and having heard and considered the arguments of counsel on January 11, 2012, DFG's motion is DENIED.

**I. BACKGROUND**

Plaintiffs filed their Complaint on June 20, 2011. Doc. No. 1. On July 27, 2011, Plaintiffs filed a motion for summary judgment. Doc. No. 11. The Court granted the Federal Defendants' motion to stay briefing on the summary judgment motion. Sept. 15, 2011, Minute Order, Doc. No. 23. On September 19, 2011, Federal Defendants filed an Answer to Plaintiffs' Complaint. Doc. No. 24.

Order on California Department of Fish and Game's Motion to Intervene
Case No. 2:11-cv-01650-JAM -JFM           1

PDF created with pdfFactory trial version www.pdffactory.com

On October 10, 2011, Plaintiffs filed their First Amended Complaint. Doc. No. 25. The Amended Complaint asserts three claims, for violation of the National Environmental Policy Act ("NEPA"), the Endangered Species Act ("ESA"), and the Administrative Procedure Act ("APA"). On October 21, 2011, the Federal Defendants filed a motion to dismiss the Amended Complaint for lack of jurisdiction. Doc. No. 26. On November 9, 2011, Plaintiffs subsequently filed a motion to continue the motion to dismiss and compel production of the administrative record. Doc. No. 27.

DFG also filed its motion to intervene on November 9, 2011. Doc. No. 29. Its motion seeks intervention of right as a plaintiff-intervenor pursuant to Rule 24(a)(2). DFG's proposed Complaint contains two causes of action, asserting that the Federal Defendants violated NEPA and the ESA. Doc. No. 29-3. This pleading does not assert a separate claim for relief equivalent to Plaintiffs' third claim for relief, asserting the Federal Defendants' failure to complete formal notice and comment rulemaking as allegedly required by the APA. Doc. Nos. 25 & 29-3.

**II. LEGAL STANDARD**

Under Rule 24(a)(2), "[o]n timely motion the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit requires an applicant for intervention of right pursuant to Rule 24(a)(2) to satisfy each of four requirements:

(1) the motion must be timely;
(2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
(3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
(4) the applicant's interest must be inadequately represented by the parties to the action.

*United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010)(citations omitted). "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of

PDF created with pdfFactory trial version www.pdffactory.com

intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted). The putative intervenor bears the burden of demonstrating that it has satisfied each of these requirements. *Alisal Water Corp.*, 370 F.3d at 919; *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

## III. DISCUSSION

The Federal Defendants argue that DFG should not be permitted to intervene as of right because DFG does not satisfy the third and fourth requirements for intervention of right, an impairment of a claimed interest and inadequate representation by existing parties. The Federal Defendants also argue more broadly that DFG should not be permitted to intervene in a case where the Court has no jurisdiction over the pending claims brought by the existing Plaintiffs and may not intervene to raise an ESA claim where DFG has failed to provide the required notice before bringing an ESA citizen-suit claim.

The Court does not reach the jurisdictional issues raised by the Federal Defendants because the Court finds that DFG has similar interests to the existing Parties and that DFG's interests are adequately represented by the existing parties. The Court consequently finds that DFG has failed to satisfy the fourth requirement for intervention of right. *See Aerojet Gen. Corp.*, 606 F.3d at 1148.

As to the inquiry into whether the existing parties will adequately represent DFG's interests, the Court considers three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted). When a would-be intervenor and an existing party "have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki*, 324 F.3d at 1086 (citations omitted).

DFG has not overcome this presumption that it is adequately represented by the existing Plaintiffs to the litigation. The two claims that DFG seeks to assert are very similar – if not

PDF created with pdfFactory trial version www.pdffactory.com

identical – to those of the existing Plaintiffs.  Those Plaintiffs are seeking the same ultimate outcome that DFG seeks and will likely make the same legal and factual arguments that DFG would.  Indeed, the current Plaintiffs' Amended Complaint contains many of the same allegations and same prayers for relief contained in DFG's proposed Complaint.  Doc. Nos. 25 & 29-3. Given the overlap in claims, a presumption of adequate representation arises.  DFG has failed to rebut the presumption of adequate representation and persuade the Court that its interests are not adequately represented by the existing Parties or that it will materially contribute to the full development of the underlying issues.  Thus, DFG's motion fails the fourth requirement to intervene of right.

**IV. CONCLUSION**

For the foregoing reasons, DFG's motion to intervene (Doc. No. 29) is DENIED.

IT IS SO ORDERED.

DATED:  1/24/2012                                    /s/ John A. Mendez
                                                                    United States District Judge

Order on California Department of Fish and Game's Motion to Intervene
Case No. 2:11-cv-01650-JAM -JFM                4

PDF created with pdfFactory trial version www.pdffactory.com